UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TAHSHEBA THOMPSON-SMALLS,**

      **Plaintiff,**

v.                                                               Case No: 6:13-cv-733-Orl-GJK

**COMMISSIONER OF SOCIAL
SECURITY,**

      **Defendant.**

## MEMORANDUM OF DECISION

Tahsheba Thompson-Smalls (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1. Claimant alleges an onset of disability date of June 17, 2010. R. 24. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to include a moderate limitation in concentration, persistence or pace in the hypothetical question to the Vocational Expert (the "VE"); and 2) making a credibility determination unsupported by substantial evidence. Doc. No. 18 at 9-17. For the reasons that follow, the Commissioner's final decision is **AFFIRMED**.

**I.**     <u>**STANDARD OF REVIEW**</u>**.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th

Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II. ANALYSIS.

### A. Concentration, Persistence, and Pace.

Claimant argues that the ALJ's hypothetical to the VE did not adequately reflect Claimant's limitations. Doc. No. 18 at 9-14. Specifically, Claimant argues that the hypothetical did not adequately reflect Claimant's moderate limitations in maintaining concentration, persistence or pace. Doc. No. 18 at 11-14. In this case, the ALJ relied on the VE's testimony in response to the ALJ's hypothetical to find that there are jobs in the national economy that Claimant can perform. R. 34-35, 70. Thus, Claimant contends that the ALJ's decision is not supported by substantial evidence. Doc. No. 18 at 12-14.

During the hearing, the ALJ included, in pertinent part, a hypothetical limitation to "simple, routine tasks consistent with unskilled work." R. 71. The VE responded that such a claimant could perform the jobs of addresser, document preparer/microfilming, and pari-mutuel ticket checker. R. 71-72. Based on the VE's testimony, the ALJ found that there are a significant number of jobs in the national economy which Claimant can perform. R. 34-35.

At step five of the sequential evaluation analysis, the Commissioner bears the burden to show that, in light of the claimant's residual functional capacity assessment ("RFC") and other factors, there exist a significant number of jobs in the national that the claimant can perform. *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1180 (11th Cir. 2011); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If such jobs exist, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination based on the VE's response to hypothetical questions that contain the claimant's limitations. *See Winschel*, 631 F.3d at 1180.

For the VE's testimony to constitute substantial evidence, the ALJ's hypothetical question need not include "each and every symptom of the claimant," but must include "all of the claimant's impairments." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007). In *Winschel*, the Eleventh Circuit held that if a claimant is found to suffer moderate limitations in concentration, persistence or pace, the ALJ must either "indicate that medical evidence suggested [that claimant's] ability to work was unaffected by [those] limitation[s]," or include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel*, 631 F.3d at 1181. Since *Winschel*, the Eleventh Circuit has recognized that a hypothetical question can sufficiently account for moderate limitations in concentration, persistence, and pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite such limitations. *See, e.g.*, *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-1 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013); *Scott v. Comm'r of Soc. Sec.*, 495 F. App'x 27, 29 (11th

Cir. 2012); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632, 634-5 (11th Cir. 2011); *Jarrett v. Comm'r of Soc. Sec.*, 422 F. App'x 869, 871-2 (11th Cir. 2011).

Here, the ALJ stated the following:

> A state agency psychologist also had the opportunity to review the clinical findings and opined that the claimant's mental impairment was nonsevere secondary to no restrictions of activities of daily living, no difficulties in maintaining social functioning and no difficulties in maintaining concentration, persistence or pace. There was no evidence of episodes of decompensation.
>
> The claimant has not required mental health treatment and has not been hospitalized for mental health issues. The consultative examining psychologist assessed her with major depressive disorder but found her to have a [Global Assessment of Functioning Score of 58] which is consistent with no more than moderate symptoms pursuant to the diagnostic and <u>Statistical Manual of Mental Disorders</u>, Fourth Edition (DSM-IV). This opinion is also consistent with the performance of simple, routine unskilled work.
> . . . .
>
> In terms of concentration, persistence and pace, the [ALJ] does find some moderate limitations due to her mood symptoms. The claimant is able to use a computer. Other reports show that she is able to take public transportation and go shopping. The claimant stated she could pay bills, count change, handle a savings account and use a checkbook. These activities also suggest that the claimant is capable of some work activities on a regular basis. <u>The [ALJ] finds that she is fully capable of simple routine tasks consistent with unskilled work without significant limitations</u>. . . .
>
> In conclusion, the objective medical evidence, the lack of more significant treatment, and the claimant [sic] technologist activities suggest that the claimant is capable of performing a wide range of unskilled light and sedentary work.

R. 33 (emphasis added). Thus, the ALJ found that despite Claimant's moderate limitations in maintaining concentration, persistence or pace, Claimant is "fully capable of simple routine tasks consistent with unskilled work without significant limitations." R. 33. The ALJ included those specific limitations in the hypothetical question to the VE and identified the medical evidence in the record supporting Claimant's ability to perform such unskilled work (R. 33). R. 71. Thus,

the ALJ complied with *Winschel*, 631 F.3d at 1181, by indicating what evidence supports the finding that Claimant's ability to perform simple, routine, unskilled work, is unaffected by Claimant's moderate limitations in concentration, persistence or pace. R. 33. Accordingly, this argument is rejected.

    **B. Credibility.**

In the Eleventh Circuit, a three-part "pain standard" applies when a claimant attempts to establish disability through subjective symptoms. Under this standard, there must be: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptom arising from the condition or (3) evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). "20 C.F.R. § 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); 20 C.F.R. § 404.1529.[1] Once the pain standard is satisfied, the issue becomes one of credibility.

---

[1] Social Security Ruling 96–7p provides:

"2. When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.

3. Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Foote*, 67 F.3d at 1561. "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id*. at 1561-62. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Id*. at 1562. The lack of a sufficiently explicit credibility finding may give grounds for a remand if credibility is critical to the outcome of the case. *Id*.

In this case, Claimant argues that the ALJ failed to articulate adequate reasons, supported by substantial evidence, for finding Claimant's subjective statements not credible because ALJ only stated that Claimant's statements were not credible to the extent they are inconsistent with the ALJ's RFC assessment. Doc. No. 18 at 15-17.

In the decision, after providing a thorough review of the medical record (R. 27-31), the ALJ states the following with respect to Claimant's subjective statements:

> The claimant testified that she had worked at Albertsons as a chicken deli worker for 2-3 months. She had had 10 injections and it has not helped. She has mild hearing loss. Her blood pressure is up and down. She does not have side effects from medication. The claimant reported that she can walk 5 minutes, stand 5-15 minutes and then her back and feet hurt. She has to move from sitting to standing. She can lift 5-10 pounds. During the day, she gets up and lays out the clothes for her kids. She stays in her bedroom a lot of the time. She watches television. She is reportedly too young to have surgery. Her medicines take the edge off the pain but do not alleviate the pain. The claimant does cook and she can sweep. She goes to church regularly.

---

4. In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." *Id*.

R. 31.[2] Then, the ALJ finds:

> After careful consideration of the evidence, [the ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC].

R. 16.[3] Thus, the ALJ determined that Claimant's subjective statements were not credible to the extent they were inconsistent the ALJ's RFC. *See supra* n.3.

Claimant maintains that the ALJ's credibility determination fails to articulate an explicit and adequate reason to discredit her subjective statements. Doc. No. 18 at 15-17. However, the Claimant's argument utterly ignores the reasons provided by the ALJ for that credibility determination. *See* Doc. No. 18 at 15-17; R. 31-33. The ALJ devotes the next three (3) pages of the decision providing reasons why Claimant's subjective statements are not credible to the extent they conflict with the ALJ's RFC assessment. R. 31-33. For example, in the paragraph immediately following the ALJ's credibility determination, the ALJ states the following:

> A state agency physicians [sic] had the opportunity to review the medical evidence and opined that the claimant could sit, stand and

---

[2] Claimant raises no issue with respect to the ALJ's characterization of her testimony or the ALJ's review of the medical evidence. Doc. No. 18 at 14-18.

[3] The ALJ determined that Claimant retains the RFC to:

> [P]erform light work. . . . Specifically, the claimant can sit for four hours at a time and a total of eight hours during an eight-hour workday. The claimant can stand and/or walk for one hour at a time and a total of two hours during an eight-hour workday. The claimant can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently. While she is precluded from ropes, ladders and scaffolds, she can perform occasional climbing of stairs and ramps and occasional balancing, stooping, kneeling, crouching and crawling. She has no limitations regarding manipulation, vision or communication and has no environmental limitations. Mentally, the claimant is fully capable of simple, routine tasks consistent with unskilled work without significant limitations.

R. 27.

> walk for six hours each in an eight-hour day and lift 20 pounds frequently and 10 pounds occasionally. The state agency physician further opined that the claimant would have the capability for occasional: climbing of stairs and ramps, balancing, stooping, kneeling, crouching and crawling. This opinion is therefore given significant weight as it is bound to be consistent with the objective medical evidence, lack of more aggressive treatments and other credible evidence of record including the claimant's acknowledged activities. However in giving the claimant the benefit of the doubt, related to her morbid obesity, she is deemed to be precluded from standing and/or walking for more than one hour at a time and a total of two hours per eight-hour workday. Otherwise, the opinion is consistent with the other credible evidence of record and it is generally accepted.

R. 31-32. Thus, the ALJ explains why he rejected Claimant's subjective statements regarding her limitations in standing, walking, sitting, lifting, and carrying, *i.e.*, because it conflicts with the medical opinion evidence. R. 31-32. Moreover, the ALJ specifically credits portions Claimant's testimony with respect to her limitations from Claimant's obesity and the ALJ explains that based on her testimony the ALJ is limiting Claimant's RFC to standing and walking for a total of two (2) hours in an eight-hour workday. R. 31-32. The ALJ's reasons for crediting portions of Claimant's subjective testimony and rejecting others in the above referenced paragraph (R. 31-32) are supported by substantial evidence. R. 77-84; 329 (RFC assessment and opinion of state agency physician consistent with RFC findings).

As another example, with respect to Claimant's subjective statements regarding her limitations in activities of daily living, the ALJ states the following:

> The claimant has mild restrictions of activities of daily living. Her testimony was conflicting in this regard. As a result of her conflicting statements, her overall credibility is adversely affected. She testified that she spends most of the day watching television and lying down. Yet, she notably is able to do some activities as she testified that she tries to sweep, do some laundry and she cooks for the family regularly. Later she testified that she did not do any significant household chores or cleaning and primarily just lies down during the day. The claimant does have four children under the age of 16 (two of them are ages seven and three). Two of the

> children are currently on disability (SSI) and they reportedly go to school and/or placement for "autistic" children. As the father works full-time and is gone from the house during the day, the claimant as the mother of two special needs children, undoubtedly has to be more involved with her children in getting them ready and off to school than she has alleged. The [ALJ] finds her allegations of "doing nothing" to not be credible. Moreover, she acknowledged to the consultative examiner that she did the laundry and cooking. Therefore, the [ALJ] finds only mild restrictions of activities of daily living and finds that she is capable of doing some activities around the house which are inconsistent with a total of ability [sic] to work.

R. 33. Thus, contrary to Claimant's argument, the ALJ clearly articulates the reasons why he finds Claimant's subjective statements regarding her limitations in activities of daily living not credible. R. 33. Based on the forgoing examples, the Court finds that Claimant's argument that the ALJ failed to articulate reasons for finding her subjective statements not credible is without merit. *See also* R. 31-33 (ALJ discussing reasons and evidence supporting the ALJ's RFC and for finding Claimant's subjective allegations not credible).

### III. **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The Commissioner's final decision is **AFFIRMED;** and

2. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida on June 27, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record

Copies by mail to:
The Honorable Ken B. Terry
Administrative Law Judge

c/o Office of Disability Adjudication and Review
SSA ODAR
3505 Lake Lynda Dr
Orlando, FL 32817-9801